UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LEROY UNITED METHODIST CHURCH,

Plaintiff,

v.

BROTHERHOOD MUTUAL INSURANCE CO.,

Defendant.

---

**DECLARATION OF COUNSEL**

1:22-cv-598

1. I am an attorney at law duly authorized to practice before the United States District Court for the Western District of New York.

2. I am attorney for the Plaintiff, Leroy United Methodist Church, and am fully familiar with the facts and circumstances set forth in this declaration.

3. I have reviewed Defendant's motion and am fully familiar with its contents. I make this declaration in opposition of the motion of Defendant, Brotherhood Mutual Insurance Co., requesting an Order pursuant F.R.C.P. 41(b), for dismissal of this action for failure to prosecute.

4. This action was originally filed in the New York State Supreme Court, County of Genesee, on or about March 31, 2022. Plaintiff alleges Defendant Brotherhood Mutual Insurance Co. owes it insurance coverage for property damage to its church and seeks monetary damages for breach of contract.

5. On or about July 5, 2022, Brotherhood Mutual Insurance Co. was served with a copy of the Summons and Complaint.

6. On or about August 3, 2022, Brotherhood Mutual Insurance Co. removed this action to this Court and filed an answer to the Complaint on August 10, 2022.

7. On November 8, 2022, the parties jointly submitted a proposed Case Management Order ("CMO") to this Court.

8. On December 2, 2022, the Hon. Michael J. Roemer, United States Magistrate issued a Case Management Order ("CMO"). (Doc. No. 10)

9. Pursuant to the paragraph 8 of the CMO, the Court directed that all fact discovery be completed no later than June 2, 2023. (Doc. No. 10)

10. In paragraph 9 of the CMO, the Court directed dates for expert witness disclosure, report disclosure and expert witness depositions. (Doc No. 10)

11. Respectfully, for the reasons set forth below, Declarant requests a 30-day extension until July 3, 2023 for fact discovery and July 13, 2023 to identify any expert witness and produce their reports, which 30-day period should be extended to the time periods stated in paragraph "9" of the CMO.

12. With respect to the requirement to select a mediator, Declarant timely signed off on a mediator on or before January 18, 2023, but subsequently no date, time or place was ever established by either counsel or the mediator to conduct the mediation.

13. Contrary to the assertions of Defendant's counsel it was not the non-responsiveness of Declarant which caused the delay in the commencement of the mediation by April 1, 2023. Instead, the inability to schedule the initial mediation date by April 1, 2023 was a scheduling issue among Defendant's counsel, Declarant, and the mediator. Pursuant to paragraph "13" of the CMO the parties have until December 5, 2023 to conduct the mediation. Accordingly, there has been no prejudice to the Defendants.

14. Between March 13, 2023 and March 17, 2023 Declarant was engaged in a civil trial in New York State Supreme Court before the Hon. Emilio Colaiacovo, J.S.C. During the week of March 20, 2023 Declarant was engaged in several court appearances and hearings in Erie County Surrogate's Court, New York State Supreme Court in Onondaga County, Niagara County Court, and Niagara County Family Court, in Lockport, New York.

15. With respect to the March 28, 2023 conference with Magistrate Michael J. Roemer, shortly before the conference was set to begin, I was required to attend to an urgent family emergency when my wife called me to tell me that her car became disabled. Due to the urgency of the situation, I decided that I needed to address it immediately. Upon returning to the office to, I contacted Magistrate Roemer's chambers and left a voicemail in which I apologized for missing the conference and briefly explained the circumstances.

16. In April 2023, Declarant's professional schedule included out of town travel on several client matters. My schedule also included two days of depositions in matters in New York State Supreme Court Erie County, a hearing in Niagara County Court, and the completion of a post-trial memorandum in an action in New York State Supreme Court Niagara County. In April 2023, I was also engaged in document discovery and deposition practice in the Attorney General of the State of New York and Consumer Financial Protection Bureau vs. Douglas MacKinnon, et al., 1:21-cv-00537-FPG-MJR, a matter pending in this Court. As a result of the foregoing, I was unable to complete my discovery responses to Defendant's demands prior to the filing of its present motion.

17. On April 4, 2023, Defendant filed its present motion. Since receipt of the motion, I have been diligently working on putting together the FRCP 26(a) responses, responses to

Defendant's discovery demands and interrogatory answers. It is my intention to serve the FRCP 26(a) responses, discovery responses and interrogatory answers this week.

18. Declarant is committed to the continued prosecution of this action, which includes the production F.R.C.P. 26(a) discovery responses, service of discovery demands, interrogatory answers, expert disclosure, depositions, and dispositive motions.

19. On April 24, 2023, Declarant received the Order of the Court compelling Plaintiff to serve a response to Defendant's motion by May 8, 2023. (Doc. No. 17).

20. Declarant understands the importance of meeting discovery deadlines established by the Court pursuant to its Case Management Order. Declarant respectfully requests a 30-day extension of time to complete fact discovery by no later than July 3, 2023 and initiate expert witness discovery by August 2, 2023.

21. Should the Court grant Declarant the requested additional 30-day time period for fact discovery and expert witness disclosure, I commit to timely meeting all discovery deadlines set by the Court.

22. Due to my professional schedule this year and more particularly the months of March and April 2023, Declarant maintains that good cause exists for the 30-day extension request.

23. Respectfully, if required, Declarant requests an oral argument of Plaintiff's motion.

**WHEREFORE**, Declarant request an Order denying Defendant's motion; and granting Plaintiff a 30-day extension for fact discovery under July 3, 2023 and expert witness discovery until August 2, 2023.

DATE: May 8, 2023
Buffalo, New York

By: /s/ Joseph G. Makowki
Joseph G. Makowski, Esq.
*Attorney for Plaintiff*
448 Delaware Avenue
Buffalo, New York 14202
Telephone: (716) 881-1890
Facsimile: (716) 551-0828
Email: jmakowski@aol.com

TO: Goldberg Segalla LLP
Marci Goldstein Kokalas
*Attorneys for Defendant*
*Brotherhood Mutual Insurance Company*
711 3rd Ave, Suite 1900
New York, New York 10017
(646) 292-8700