UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LEROY UNITED METHODIST CHURCH,

                Plaintiff,

              v.

BROTHERHOOD MUTUAL INSURANCE
COMPANY,

                Defendant.
_____

**DECISION AND ORDER**
22-CV-598S

## I.  INTRODUCTION

This is a removed action in which Plaintiff LeRoy United Methodist Church alleges that Defendant Brotherhood Mutual Insurance Company breached an insurance contract by not providing indemnity coverage for damages allegedly sustained to the exterior bell tower of Plaintiff's property during a May 2020 storm.  Presently before this Court is Defendant's motion to dismiss for failure to prosecute, pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure.  (Docket No. 15.)  For the following reasons, Defendant's motion will be denied.

## II.  BACKGROUND

### A. Procedural History

Plaintiff, who at all times has been represented by counsel, initiated this action in the New York State Supreme Court, County of Genesee, on March 16, 2022.  (Notice of Removal, Docket No. 1, ¶ 2.)  It served Defendant with a copy of the summons and complaint on July 5, 2022.  (See id. at ¶ 3.)  Defendant thereafter removed the action to federal court on August 3, 2022, on the basis of diversity jurisdiction.  (See id. at ¶¶ 3-7.)

Upon filing of the Notice of Removal and Defendant's answer, this Court referred

the matter to the assigned magistrate judge for oversight of all pretrial proceedings. (Docket No. 4.) The magistrate judge issued the initial case-management order on December 2, 2022, after the parties' joint submission. (Docket Nos. 6, 10.)

Plaintiff immediately began failing to comply with the case-management order. (Declaration of Marci Goldstein Kokalas, Esq. ("Kokalas Decl."), Docket No. 15-1, ¶ 7.) It did not serve initial disclosures, nor did it respond to Defendant's discovery demands. (See id. ¶¶ 7, 8.) Plaintiff further failed to respond to Defendant's first set of interrogatories or to its repeated attempts to advance discovery. (See id. ¶¶ 9, 10.)

Unable to meaningfully communicate with Plaintiff, Defendant requested that the magistrate judge hold a conference to address the outstanding disclosures and other deadlines in the case-management order. (Docket No. 12.) The magistrate judge ordered Plaintiff to respond to Defendant's request and to appear at a March 28, 2023 conference. (Docket No. 13.) Plaintiff did neither. (Docket No. 14.)

Consequently, with Plaintiff still unresponsive, Defendant filed a motion to dismiss for lack of prosecution on April 4, 2023. (Docket Nos. 15, 19.) This Court thereafter set two deadlines before Plaintiff finally filed its response on May 8, 2023. (Docket Nos. 16-18.) The second scheduling order warned Plaintiff that failure to comply could result in its case being dismissed for failure to prosecute. (Docket No. 17.)

Other than its counsel's recent affirmation, Plaintiff has taken no action in this case since January 2023, some 11 months ago, and it has yet to fulfill its discovery obligations. (Kokalas Decl., ¶¶ 10, 20.)

### B. Counsel's Affirmation

Plaintiff's only defense to failing to prosecute this action is that its counsel was

engaged in other cases and personal matters.  (See Declaration of Joseph G. Makowski, Esq. ("Makowski Decl."), Docket No. 18, ¶¶ 14-16.)  Counsel states that he tried a civil case in state court between March 13 and 17, 2023, and had court appearances and hearings during the week of March 20, 2023.  (See id. ¶ 14.)  He further maintains that he was unable to appear before the magistrate judge on March 28, 2023, due to a family emergency.  (See id. ¶ 15.)  In April 2023, counsel traveled on client business and attended to other cases.  (See id. ¶ 16.)  Counsel represents that these personal and professional demands rendered him unable to meet his discovery obligations, but that he was presently fully committed to diligently prosecuting Plaintiff's case.[1]  (See id. ¶ 16, 18, 21.)

### III.  DISCUSSION

Rule 41 (b) of the Federal Rules of Civil Procedure provides that

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41 (b).

The rule does not define what constitutes failure to prosecute.  But the Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics."  Lyell

---

[1] In his declaration, counsel further represented that he had been diligently completing his overdue discovery responses and intended to serve them by May 12, 2023, but as of Defendant's last filing on May 15, 2023, counsel had not done so.  (See Makowski Decl., ¶ 17; Reply Declaration of Marci Goldstein Kokalas ("Kokalas Reply Decl."), Docket No. 19, ¶¶ 10, 20.)

Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982). Dismissal under Rule 41(b) falls within the court's discretion. See id. at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion"). It is, however, "a harsh remedy to be utilized only in extreme situations." Harding v. Fed. Rsrv. Bank, 707 F.2d 46, 50 (2d Cir. 1983) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)); see also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive").

The following factors must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights; and (5) whether lesser sanctions would be appropriate. See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004); Nita v. Conn. Dep't of Env't Prot., 16 F.3d 482, 485 (2d Cir. 1994); Feurtado v. City of New York, 225 F.R.D. 474, 477 (S.D.N.Y. 2004) (quoting Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)). No single factor is dispositive. See United States ex rel. Drake, 375 F.3d at 254. And while a district court is not required to expressly discuss these factors on the record, "a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).

Turning to the first factor, this Court finds that the duration of Plaintiff's failures, while significant, does not warrant dismissal. The case has been pending in this court for more than one year, but it was not until 11 months ago that progress came to a halt, when Plaintiff failed to produce discovery and became unresponsive. While this Court is aware that such delay is significant, see, e.g., Ruzsa v. Rubenstein & Sendy Att'ys at Law, 520 F.3d 176, 177 (2d Cir. 2008) (upholding dismissal involving 7-month delay), it nonetheless finds that given the relative age of the case, this factor weighs against dismissal.

The next factor also weighs against dismissal. The Second Circuit requires that a plaintiff receive adequate notice that his or her case could be dismissed due to inaction. See Martens v. Thomann, 273 F.3d 159, 180-81 (2d Cir. 2001). Here, although Plaintiff failed to comply with this Court's first scheduling notice, see Docket No. 16, it timely responded after being warned that its continued failure to respond could result in dismissal of the case, see Docket Nos. 17, 18.

The third factor—prejudice to the defendant—weighs in favor of dismissal. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." Lyell Theatre, 682 F.2d at 43 (citations omitted). Here, Defendant is inherently prejudiced by Plaintiff's failure to meaningfully engage in discovery and abide by court orders. Defendant is also actually prejudiced by the expense associated with engaging in motion practice, both to compel discovery and in seeking dismissal. This factor thus supports dismissal.

Fourth, this Court must consider the balance between calendar congestion and

5

Plaintiff's right to present its case.  See Norden Sys., 375 F.3d at 257.  In this regard, "a court must not let its zeal for a tidy calendar overcome its duty to justice."  Davis v. United Fruit Co., 402 F.2d 328, 331 (2d Cir. 1968)).  While Plaintiff's inaction has caused the magistrate judge and this Court to waste judicial resources on missed appearances and multiple court filings, the overall effect on docket congestion has not been overly burdensome.  This factor thus weighs against dismissal.

The final factor requires an examination of whether sanctions less than dismissal would sufficiently remedy any prejudice resulting from the plaintiff's inaction.  See Norden Sys., 375 F.3d at 257.  In this regard, it is well settled that a client is bound by the actions of his or her lawyer, particularly where a defendant has suffered prejudice.  In Link, the United States Supreme Court explained in upholding dismissal for failure to prosecute based on an attorney's conduct:

> There is certainly no merit to the contention that dismissal of petitioner's claims because of his counsel's unexcused conduct imposes an unjust penalty on the client.  Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.  Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'"

See Link, 370 U.S. at 633-34 (quoting Smith v. Ayer, 101 U.S. 320, 326, 25 L. Ed. 955 (1879)); see also Parnes v. Receivable Mgmt. Servs. LLC, 489 F. Appx. 510, at *2 (2d Cir. 2012) (summary order) ("To the extent plaintiffs were prejudiced by any failings of their attorney, they chose him to represent them and must now suffer the consequences."); Bonda Indus. (HK) Co., Ltd. v. Talbot Grp., LLC, No. 08 Civ. 5507

(PKL), 2009 WL 159267, at *4 (S.D.N.Y. Jan. 22, 2009) ("it is well established that a client is bound by the actions of his counsel").

Link further recognizes that dismissal avoids "visiting the sins of plaintiff's lawyer upon the defendant," and explains that a plaintiff's remedy for counsel's failure to prosecute is a malpractice suit, not continuation of the litigation at the defendant's expense.  Link, 370 U.S. at 634 n. 10; cf. Benites v. N.Y. Dep't of Corrs. & Cmty. Supervision, No. 21-cv-6863 (CM), 2023 WL 1966181, at *6 (S.D.N.Y. Feb. 13, 2023) (citing Link and noting that a plaintiff's remedy for loss of a potential claim attributable to counsel is a malpractice suit, not continuation of a neglected action).

Nonetheless, the Second Circuit requires district courts to examine relative fault for delay between the client and counsel in the context of determining the suitability of lesser sanctions.  See Dodson v. Runyon, 86 F.3d 37, 40 (2d Cir. 1996); see also U.S. ex rel. Drake, 375 F.3d at 255 ("This apportionment of blame between counsel and client, however, is best considered when we get to the fifth factor—efficacy of lesser sanctions.").  The more the delay was occasioned by the client's obstruction, or was designed to strategically benefit the client, the more suitable an order of dismissal. Dodson, 86 F.3d at 40.  "Conversely, the more the delay was occasioned by the lawyer's disregard of his obligation toward his client, the more this factor argues in favor of a less drastic sanction imposed directly on the lawyer."  Id.

Here, Plaintiff's counsel is entirely to blame for failing to properly prosecute this case, to the exclusion of his client.  Counsel simply neglected this case.  He offers no reason why he could not actively engage in discovery during January and February 2023, nor does a 4-day trial and several other court appearances in March 2023 warrant his

discovery failures and lack of communication with opposing counsel.  There is no indication whatsoever that Plaintiff knew of or was complicit in counsel's significant failures, or that counsel's conduct was intended to strategically benefit Plaintiff in any way.  Counsel simply stopped tending to this case.   And while these circumstances may well support dismissal, this Court is cognizant that "[w]hen the client's only fault is his poor choice of counsel, dismissal of the action has been deemed a disproportionate sanction," Shea v. Donohoe Const. Co., Inc., 795 F.2d 1071, 1077 (D.C. Cir. 1986).   That appears to be the case here.

In this Court's view, the balance of equities requires a lesser sanction than dismissal, given that Plaintiff is not at fault for any portion of counsel's dereliction of duty.  See id. (reversing dismissal where "there [was] no evidence whatsoever of client complicity, or even awareness" of counsel's failures).   Rather, the lesser sanction of an admonishment to counsel that future unprofessional conduct, discovery failures, and lack of compliance with court orders will lead to more severe sanctions should sufficiently remedy the prejudice resulting from his conduct, particularly because he has pledged to reengage in this case.   See Zavala Santiago v. Gonzalez Rivera, 553 F.2d 710, 712 n. 1 (1st Cir. 1977) (providing that lesser sanctions may include "a warning, a formal reprimand, placing the case at the bottom of the calendar list, a fine, the imposition of costs or attorney fees, the temporary suspension of the counsel from practice before the court, and dismissal of the suit unless new counsel is secured"); Jackson v. Wash. Monthly Co., 569 F.2d 119, 123 n. 24 (D.C. Cir. 1977) (listing alternative sanctions).

Consequently, having assessed the relevant factors, this Court finds that dismissal for failure to prosecute is unwarranted given that a lesser sanction will suffice to cure any

prejudice.   Defendant's motion to dismiss for failure to prosecute will therefore be denied.

## IV.   CONCLUSION

Plaintiff has failed to diligently prosecute this action and has failed to comply with the orders of this court.   But this is solely due to counsel's failings.   Because this Court's admonishment of Plaintiff's counsel suffices to cure any prejudice, Defendant's motion to dismiss under Rule 41 (b) will be denied.

## V.   ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss for Failure to Prosecute (Docket No. 15) is DENIED.

FURTHER, that this matter is recommitted to the magistrate judge for such further proceedings as he deems proper and necessary.

SO ORDERED.

Dated:   January 2, 2024
         Buffalo, New York

                                             s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          United States District Judge